**Electronically Filed
Intermediate Court of Appeals
CAAP-18-0000499
30-APR-2019
08:06 AM**

NO. CAAP-18-0000499

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

EDMUND M. ABORDO, Plaintiff-Appellant, v.
PATRICIA (AKA) PATTI ANN ICHIDA, Defendant-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 18-1-0392)

SUMMARY DISPOSITION ORDER
(By: Ginoza, Chief Judge, Fujise and Leonard, JJ.)

Plaintiff-Appellant Edmund M. Abordo (**Abordo**) appeals pro se from the June 29, 2018 Final Judgment, which was entered in favor of Defendant-Appellee Patricia (aka) Patti Ann Ichida (**Ichida**) and against Abordo, by the Circuit Court of the First Circuit (**Circuit Court**).[1]  Abordo also challenges the Circuit Court's June 29, 2018 Order Granting [Ichida's] Motion to Dismiss Plaintiff's Complaint filed on March 12, 2018 (filed 4/2/2018) and Dismissing Plaintiff's Claims with Prejudice (**Dismissal Order**).

Abordo raises four points of error on appeal, contending that the Circuit Court:  (1) disregarded precedent in

---

[1]  The Honorable Virginia Lea Crandall presided.

not construing his case liberally and allowing him to present evidence; (2) abused its discretion in shifting the burden of proof to Abordo, but not allowing him to present evidence in support of his claims; (3) did not view the complaint in light of the laws that support his standing to sue; and (4) abused its discretion in dismissing the complaint and applied the wrong statute of limitations. Abordo also argues, *inter alia*, that the Circuit Court erred in dismissing his claims for failure to first file his case with the Civil Rights Commission (**Commission**).

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Abordo's points of error as follows:

> A circuit court's ruling on a motion to dismiss is reviewed de novo. Wright v. Home Depot U.S.A., Inc., 111 Hawai'i 401, 406-07, 142 P.3d 265, 270-71 (2006).

> A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his or her claim that would entitle him or her to relief. [The appellate court] must therefore view a plaintiff's complaint in a light most favorable to him or her in order to determine whether the allegations contained therein could warrant relief under any alternative theory. For this reason, in reviewing [a] circuit court's order dismissing [a] complaint . . . [the appellate court's] consideration is strictly limited to the allegations of the complaint, and [the appellate court] must deem those allegations to be true.

> In re Estate of Rogers, 103 Hawai'i 275, 280-81, 81 P.3d 1190, 1195-96 (2003) (citations omitted) (some brackets and ellipsis in original) (some brackets added).

Cnty. of Kaua'i v. Baptiste, 115 Hawai'i 15, 24, 165 P.3d 916, 925 (2007), overruled on other grounds by Tax Found. of Hawai'i v. State, SCAP-16-0000462, slip op. (Haw. Mar. 21, 2019).

The complaint, which is entitled "Civil/Criminal Complaint for Violations under HRS § 846[E]-3(i)," alleges that Abordo has a criminal conviction for one or more sexual offenses, which requires that he register as a "covered offender" pursuant to Hawaii Revised Statutes (**HRS**) § 846E-2 (2014). Viewed liberally, the complaint alleges that: (1) Ichida used information from the sex offender registry to injure or harass Abordo by depriving him from his rental unit and disclosing his sex offender status to other tenants, and to embarrass him in front of other tenants, particularly when Ichida kicked him out of the house he was renting from her based on his sex offender status; and (2) Ichida wrongfully terminated or rejected him as a tenant, as well as terminated his services as a handyman at the subject property, based on his sex offender status. Abordo seeks general damages and punitive damages against Ichida; the complaint also requests that criminal charges be filed against Ichida for her use of the sex offender registry information to deny Abordo fair housing.

In response to Abordo's complaint, Ichida filed a motion to dismiss. Ichida argued that the Commission has jurisdiction over claims for discrimination in real property transactions and that Abordo failed to present his claims to the Commission, thus failing to exhaust his administrative remedies, and his claims are now time-barred. Ichida further argued that Abordo's claims are not actionable because he is not within a protected class as would give rise to a fair housing claim and that Abordo cannot state a claim for intentional or negligent

3

infliction of emotional distress as he has not alleged that Ichida engaged in any outrageous conduct as would support such claims.

After a hearing was held on May 8, 2018, Ichida's motion was granted. The Dismissal Order states simply that Ichida's motion to dismiss is granted and that all of Abordo's claims are dismissed with prejudice. Although no transcript was provided to this court, the Circuit Court's minutes report the Circuit Court's reasoning as follows:

> BASED ON THE COURT'S REVIEW OF THE MATTERS THAT HAVE BEEN SUBMITTED AND REVIEWING THE COMPLAINT THAT WAS FILED AND THE ALLEGATIONS IN THE COMPLAINT THE COURT GRANTED THE MOTION TO DISMISS.
>
> WITH RESPECT TO THE ALLEGATIONS OF A CRIMINAL COMPLAINT, A PRIVATE CITIZEN DOES NOT HAVE THE AUTHORITY TO BRING CRIMINAL CHARGES IN COURT. THAT IS THE AUTHORITY AND DISCRETION OF THE PROSECUTING ATTORNEY, THAT IS THE OFFICE THAT INITIATES AND PURSUES CRIMINAL CHARGES.
>
> WITH RESPECT TO THE CIVIL CLAIMS ALLEGED, THERE IS NOT A VIABLE THEORY THAT HAS BEEN ALLEGED. THE PLTF FAILED TO EXHAUST HIS ADMINISTRATIVE REMEDIES. CONVICTED SEX OFFENDER IS NOT A PROTECTED CLASS AND THERE IS NO ALLEGATIONS OF OUTRAGEOUS CONDUCT OR PHYSICAL INJURY.

Although it is unclear whether Abordo is challenging on appeal the Circuit Court's dismissal of his request for criminal charges to be brought against Ichida, we conclude that the Circuit Court did not err in concluding that a private citizen does not have the authority to bring criminal charges. See generally HRS § 806-7 (2014).

With respect to Abordo's civil claims, we first consider HRS § 515-3 (2018), which is applicable to real estate transactions, including rentals, and states in part:

> § 515-3 Discriminatory practices. It is a discriminatory practice for an owner or any other person engaging in a real estate transaction, or for a real estate broker or salesperson, **because of race, sex, including**

_gender identity or expression, sexual orientation, color, religion, marital status, familial status, ancestry, disability, age, or human immunodeficiency virus infection_:

    (1)    To refuse to engage in a real estate transaction with a person;

    . . . .

(Emphasis added).

We also consider HRS § 378-2 (2015), which is applicable to employment and states, in part:

> **§ 378-2 Discriminatory practices made unlawful; offenses defined.** (a) It shall be an unlawful discriminatory practice:
>
>     (1)    Because of race, sex including gender identity or expression, sexual orientation, age, religion, color, ancestry, disability, marital status, **arrest and court record**, or domestic or sexual violence victim status if the domestic or sexual violence victim provides notice to the victim's employer of such status or the employer has actual knowledge of such status:
>
>         (A)    For any employer to refuse to hire or employ or to bar or discharge from employment, or otherwise to discriminate against any individual in compensation or in the terms, conditions, or privileges of employment[.]

(Emphasis added).

In addition, we consider HRS § 368-11 (2015), which sets forth the jurisdiction of the Commission and states in part:

> **§ 368-11 Complaint against unlawful discrimination.** (a) The commission shall have jurisdiction over the subject of discriminatory practices made unlawful by part I of chapter 489, chapter 515, part I of chapter 378, and this chapter. Any individual claiming to be aggrieved by an alleged unlawful discriminatory practice may file with the commission's executive director a complaint in writing that shall state the name and address of the person or party alleged to have committed the unlawful discriminatory practice complained of, set forth the particulars thereof, and contain other information as may be required by the commission. . . .
>
>     . . . .
>
>     (c)    No complaint shall be filed after the expiration of one hundred eighty days after the date:
>
>         (1)    Upon which the alleged unlawful discriminatory practice occurred; or
>
>         (2)    Of the last occurrence in a pattern of ongoing discriminatory practice.

(d) For the purposes of this chapter "unlawful discriminatory practice" means an unfair discriminatory practice or like terms, as may be used in part I of chapter 489, chapter 515, or part I of chapter 378.

Hawai'i case law confirms that a person who wishes to file a judicial complaint for unlawful discriminatory practice in violation of matters within the Commission's jurisdiction, including claims of violations of HRS §§ 515-3 and/or 378-2, must first file a complaint with the Commission and receive a notice of right to sue from the Commission. See, e.g., Simmons v. Aqua Hotels & Resorts, Inc., 130 Hawai'i 325, 328-29, 310 P.3d 1026, 1029-30 (App. 2013); see also HRS § 368-12 (2015).

To the extent that Abordo is claiming that he suffered an actionable injury and is entitled to damages arising out of Ichida's termination and/or rejection of him as a renter on account of his status as a sex offender, sex offender status is not a protected class under HRS § 515-3. Therefore, the Commission did not have jurisdiction over such a claim and Abordo was not required to file a complaint with the Commission and receive a notice of right to sue from the Commission. Accordingly, Abordo was not required to exhaust administrative remedies with respect to such a claim. However, since sex offender status is not a protected class under HRS § 515-3, which is applicable to discrimination in real estate transactions, the complaint fails to state a claim upon which relief can be granted based on Ichida's alleged housing discrimination against Abordo based on his status as a sex offender, and the Circuit Court did not err in dismissing this claim.

To the extent that Abordo is claiming that he suffered an actionable injury and is entitled to damages arising out of Ichida's termination and/or rejection of him as a handyman[2] on account of his status as a convicted sex offender, discrimination based on "arrest and court record" is unlawful under HRS § 378-2. Therefore, the Commission would have had jurisdiction over such a claim, and Abordo was required to file a complaint with the Commission and receive a notice of right to sue from the Commission. Accordingly, Abordo was required to exhaust administrative remedies with respect to such a claim. There is no allegation in the complaint, or evidence in the record on appeal, that Abordo received such a right to sue from the Commission or otherwise exhausted the remedies available under HRS chapter 368. See HRS §§ 368-11 through 368-16. Therefore, the Circuit Court did not err in dismissing any such claim.

As stated above, the complaint also alleges that Ichida used information from the sex offender registry to injure or harass Abordo by depriving him of his rental unit and disclosing his sex offender status to other tenants, and to embarrass him in front of other tenants, particularly when Ichida kicked him out of the house he was renting from her, or attempting to rent from her, based on his sex offender status. The Circuit Court concluded that this did not constitute an allegation of outrageous conduct; Abordo does not allege physical injury.

---

[2]    We do not reach the issue of whether, or under what circumstances, a "handyman" may bring a claim pursuant to HRS § 378-2.

The elements of the tort of Intentional Infliction of Emotional Distress are: (1) that the conduct allegedly causing the harm was intentional or reckless; (2) that the conduct was outrageous; and (3) that the conduct caused extreme emotional distress to another. Hac v. Univ. of Haw., 102 Hawai'i 92, 106-07, 73 P.3d 46, 60-61 (2003). "The term 'outrageous' has been construed to mean without just cause or excuse and beyond all bounds of decency." Enoka v. AIG Haw. Ins. Co., Inc., 109 Hawai'i 537, 559, 128 P.3d 850, 872 (2006) (citations and some internal quotation marks omitted). Additionally, "[t]he question whether the actions of the alleged tortfeasor are unreasonable or outrageous is for the court in the first instance, although where reasonable people may differ on that question it should be left to the jury." Young v. Allstate Ins. Co., 119 Hawai'i 403, 429, 198 P.3d 666, 692 (2008) (citation omitted). There is "no clear definition of the prohibited outrageous conduct," and the correct inquiry is simply whether "an average member of the community" would exclaim, "Outrageous!" Id. at 425, 198 P.3d at 688 (internal citations, brackets, and quotations marks omitted). We conclude that the Circuit Court did not err in determining that Ichida's actions, as alleged in the complaint, were not outrageous.

"[A negligent infliction of emotional distress (**NIED**)] claim is nothing more than a negligence claim in which the alleged actual injury is wholly psychic and is analyzed utilizing ordinary negligence principles." Doe Parents No. 1 v. State, Dep't of Educ., 100 Hawai'i 34, 69, 58 P.3d 545, 580 (2002)

8

(internal citation and quotation marks omitted). Although the injury is wholly psychic, Hawaiʻi courts have generally held that an NIED plaintiff "must establish some predicate injury either to property or to another person in order [sic] himself or herself to recover for negligently inflicted emotional distress." Id. (citations omitted).

A viable NIED claim for psychic injuries in the absence of physical injury or mental illness must allege: (1) a duty or obligation, recognized by the law, requiring the defendant to conform to a certain standard of conduct for the protection of others against unreasonable risks; (2) the defendant breached the duty; (3) a reasonably close causal connection between the defendant's breach and the plaintiff's resulting injury; and (4) serious emotional distress or disturbance resulting in physical injury to or mental illness of the plaintiff, or circumstances guaranteeing the genuineness and seriousness of the claim. See id. at 68-88, 58 P.3d at 579-99. By this standard, Abordo failed to state a claim for NIED upon which relief can be granted.

For the reasons stated above, the Circuit Court's June 29, 2018 Dismissal Order and Judgment are affirmed.

DATED: Honolulu, Hawaiʻi, April 30, 2019.

On the briefs:

Edmund M. Abordo,
Plaintiff-Appellant *Pro Se*.

Steven J. Kim,
for Defendant-Appellee.

Chief Judge

Associate Judge

Associate Judge

9